JOANOS, Judge.
The Florida Department of Law Enforcement obtained an Order of Forfeiture of the “Stargazer,” a shrimping vessel, on the basis that it had been used “to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article” in violation of Section 943.42 Florida Statutes (Supp.1980). We affirm.
The vessel was seized on September 6, 1980. Vernon Oblisk testified that on July 8, 1980, he drove Booker and Danny Stewart to Bradenton, Florida, leaving them off so that they could pilot the Stargazer to Steinhatchee. Oblisk drove back to Stein-hatchee and on July 9, early in the morning, he picked up Stewart and Booker from the Stargazer in Steinhatchee. The Stargazer remained anchored in the Steinhatchee River. On July 15,1980, the “Lady Stewart,” a boat owned by Stewart allegedly delivered several tons of marijuana in Panama City, Florida. Booker was arrested on July 17, 1980 in connection with this alleged delivery. The State prosecution against Booker was dropped, but Booker was convicted of federal charges stemming from the incident.
The State produced the testimony of agent M. R. Cornelius to the effect that at the time of Booker’s arrest, he told the agent the Stargazer had been used as a diversion to safeguard the delivery of marijuana from the Lady Stewart. In addition, *280 Vernon Oblisk had earlier testified that a discussion had occurred at the home of Stewart, on July 7, regarding the importation of marijuana. He, Booker, and Stewart were present, and Booker said they would be unloading it in Panama City in about one week. Oblisk said that on July 18, after they had been arrested, Booker told him about the Stargazer’s role in the plan. In Oblisk’s words: “He said at that point that the Stargazer was put in the Steinhatchee River for a diversionary tactic, as a decoy to get the law enforcement people to be watching it, so on and so forth; while they were down there watching it, we’d be up in Panama City doing our thing.”
Appellant argues that the Stargazer cannot be said to have facilitated importation because there was no nexus between the illegal activity and the Stargazer, which lay anchored 200 miles from the scene of the alleged illegal activity, and there was no evidence that Booker engaged in any activity to further the intent to use the Stargazer as a decoy.
In Griffis v. State, 356 So.2d 297 (Fla.1978) the court construed the forefeiture act in light of its federal counterpart to apply “only upon a showing of ‘a nexus between the illegal drugs found in the car and the furtherance of an illegal drug ‘operation’.’ ” The court was concerned with distinguishing vehicles involved in drug “operations” from vehicles incidental to mere possession of illegal drugs.
The term “facilitation” is discussed more directly in Mosley v. State, 363 So.2d 172 (Fla. 4th DCA 1978). There the court quoted the following discussion taken from United States v. One 1950 Buick Sedan, 231 F.2d 219 (3rd Cir. 1956):
“The term ‘facilitate’ is a term used in everyday transactions between people. There is no indication that Congress ascribed to this word any meaning other than its ordinary and accepted meaning. Webster defines facilitate as ‘to make easy or less difficult; to free from difficulty or impediment; as, to facilitate the execution of a task.’
“The question then is whether there was a reasonable ground for belief that the use of the automobile made the sale less difficult and allowed it to remain more or less free from obstruction or hindrance.”
We reject appellant’s argument that the decoy must actually have succeeded in order for it to have facilitated the operation which culminated with the unloading of the contraband in Panama City. Given the expressed intent to use the Stargazer as a decoy and the action in furtherance of that intent of placing the Stargazer in the Stein-hatchee River, the setting up of the Stargazer as a decoy can be held to have facilitated the operation.
AFFIRMED.
LARRY G. SMITH and THOMPSON, JJ., concur.