DOWNEY, Judge.
German Mora, owner of a 1979 Toyota Corolla, appeals from a trial court decision ordering forfeiture of his automobile for its participation in a drug deal.
The appellee’s statement of the facts reveals the connection that appellant’s automobile played in the criminal episode:
On December 2, 1981 between 6:30 P.M. and 6:45 P.M. Detective Michael Gregory Kridos of the Fort Lauderdale Police Department Organized Crime Unit met the Appellant, German Mora in the parking lot of a Winn-Dixie shopping center located in the City of Fort Lauder-dale, Broward County, Florida. The Appellant drove to the parking lot in the automobile that is subject to this forfeiture action, parking it adjacent to the vehicle that Detective Kridos arrived in immediately prior to the Appellant’s arrival. It was stipulated that the Appellant was the sole owner of the automobile that was seized for forfeiture purposes. The Appellant then entered and sat in the back seat of the vehicle Detective Kridos was sitting in, with Detective Kri-dos sitting in the front right passenger seat. A conversation then ensued in which the Appellant told Detective Kri-dos that he would sell him a kilo of cocaine for $55,000.00. 'Detective Kridos agreed to the price. While discussing the quality of cocaine that he was selling, the Appellant expressed that he liked doing business in the parking lot as he felt secure from possibly losing cocaine as had happened to him on a past occasion. The Appellant and Detective Kridos then got out of Detective Kridos’ vehicle. The Appellant stated that the cocaine was not in his car but that, his contact (one Pablo Mirulanda) was going to bring it. Mr. Mirulanda then arrived in the parking lot and handed a brown grocery bag to the Appellant. The Appellant placed the bag in Detective Kridos’ vehicle and removed some grocery items. He then removed the bag from the vehicle and handed it to Detective Kridos. The bag was found to contain 2.5 pounds of cocaine.... Subsequently, during an attempted transfer of the alleged currency to Mirulanda for the cocaine, both the Appellant and Miru-landa were arrested for Trafficking In Cocaine and Conspiracy To Traffic in Cocaine. ...
(Record references omitted.)
In the judgment and order appealed from the trial court found:
6. The said automobile, the property of German Mora, was driven by him to the shopping center parking lot which had been selected by him as the scene of the illegal transaction. Although there was no evidence that drugs were transported in the vehicle in question, and although the conversations and delivery *924 took place in the motor vehicle being utilized by the undercover law enforcement officer, the Court finds that the aforesaid 1979 Toyota Corolla automobile was significantly involved in the transaction and that its use facilitated the illegal transaction. Considering the nature of the transaction and the location selected by Mora, the Court finds that there was a sufficient connection between the vehicle and the transaction so as to result in a finding by this Court that the vehicle was used in furtherance of the transaction, notwithstanding the fact that there is no evidence that any contraband was ever contained within the vehicle itself.
Mora takes issue with the finding that his car was used in a manner to facilitate the purchase, sale, etc., of contraband so as to violate Section 932.702, Florida Statutes (1981), and thereby authorize its forfeiture.
The controlling statutes (the Florida Uniform Contraband Transportation Act) were passed by the Legislature in 1980 as part of an effort to stem trafficking in illicit drugs. Section 932.702(3), makes it unlawful
[t]o use any vessel, motor vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.
To further assist in stemming the tide of drug activity the Legislature passed Section 932.703(1), which provides:
Any vessel, motor vehicle, aircraft, and other personal property which has been or is being used in violation of any provision of s. 932.702 or in, upon, or by means of which, any violation of said section has taken or is taking place, as well as any contraband article involved in the violation, shall be seized. All rights and interest in and title to contraband articles or contraband property used in violation of s. 932.702 shall immediately vest in the state upon seizure by a law enforcement agency, subject only to perfection of title, rights, and interests in accordance with this act.
The real issue in this case is how little a nexus is necessary to make a vehicle subject to forfeiture. In this case, we have no question of the following things: a drug deal was made; Mora was a key figure in the deal; the deal was to be consummated in a parking lot; Mora drove the car in question to the parking lot to consummate the criminal transaction. Given those facts, we hold that is all that is necessary to warrant a forfeiture of the car in question. By using his car to transport himself to the site of a drug transaction, Mora used the car to facilitate the consummation of the transaction.
Two federal cases have held that transportation by automobile of a key figure to the site of a drug transaction constitutes a sufficient nexus to justify the forfeiture of the car. Those cases are United States v. One 1974 Cadillac Eldorado Sedan, Etc., 548 F.2d 421 (2nd Cir.1977), and United States v. One 1977 Cadillac, Etc., 644 F.2d 500 (5th Cir.1979). This court has aligned itself with those federal cases construing its drug forfeiture statutes when it said in Mosley v. State ex rel. Broward Cty., 363 So.2d 172, 173 (Fla. 4th DCA 1978):
It was the intention of the Legislature that the passage of this Act [the Florida Uniform Contraband Transportation Act] would facilitate “ ‘uniformity between the laws of Florida and the laws of the United States’ which was ‘necessary and desirable for the effective drug abuse prevention and control.’ ” The Legislature intended that the Florida forfeiture statute be uniform with the federal counterpart. Accordingly, it is most appropriate that we consider the federal cases construing the uniform act as well as our own Florida cases. (Footnotes omitted.)
In view of the foregoing, we affirm the judgment and order of the trial court forfeiting the automobile in question.
AFFIRMED.
LETTS, C.J., and DELL, J., concur.