426 So.2d 1260 (1983)
CITY OF CLEARWATER, Florida, Appellant,
v.
ONE 1980 PORSCHE 911 SC, VEHICLE ID # 91A0140918, Appellee.
No. 82-1424.
District Court of Appeal of Florida, Second District.
February 11, 1983.
*1261 Richard Griesinger, Asst. City Atty., Clearwater, Jack Helinger, of Louderback, McCoun & Helinger, St. Petersburg, Florida, for appellant.
Peter N. Meros of Meros, Coit, Edman, Meros, Smith & Meros, P.A., St. Petersburg, Florida, for appellee.
LEHAN, Judge.
The City of Clearwater appeals an order denying its petition for forfeiture of a vehicle allegedly used to facilitate the sale of marijuana. We affirm.
Title to the Porsche was in the name of John Hoyt, who the City alleged was a nonexistent person. The car was driven by Raymond Mayer and parked at his Clearwater residence while Mayer was under surveillance and investigation for suspicion of illegal drug activity.
In mid-December, 1981, Mayer made arrangements to sell marijuana to a North Dakota undercover policeman. On December 27, 1981, Mayer flew to Fargo, North Dakota, apparently via Atlanta, Georgia, and Washington, D.C. Two days later, Mayer met with the undercover policeman and took him to get the marijuana. Another man had brought the marijuana in a rental trailer. Mayer and the other man were arrested for delivery of marijuana and conspiracy to deliver marijuana.
According to airline tickets which were found in Mayer's possession during post-arrest searches, Mayer's trip to North Dakota had originated at Tampa International Airport. On December 30, 1981, the Porsche was located at the Tampa airport and seized by the Clearwater Police Department. An inventory search of the car revealed several articles with Mayer's name on them, including a motor club card in his name, several repair receipts for the car signed by Mayer or Hoyt, and traffic warnings and citations for the Porsche signed by Mayer. Also found were an address book containing the name and phone number of the North Dakota undercover policeman and a handwritten note with the name and location of the store which rented the trailer used to haul the marijuana. No marijuana or other contraband was found in the Porsche.
On April 2, 1982, the City of Clearwater filed a petition for rule to show cause and for final order of forfeiture asking the court to give title to the Porsche to the City pursuant to sections 932.701 to 932.704, Florida Statutes (1981) ("The Florida Contraband Forfeiture Act"). After a hearing, the trial court denied the forfeiture request. This appeal followed.
Section 932.702(3), Florida Statutes (1981), makes it unlawful to use any motor vehicle to facilitate the purchase or sale of any contraband article, which includes marijuana. In addition, section 932.701(2)(e) defines contraband to include a vehicle which has been employed in aiding or abetting in the commission of a felony. Under either of these circumstances, the vehicle is subject to forfeiture pursuant to section 932.703(1). The issue here is whether the Porsche was in fact used to facilitate or to aid and abet the sale of the marijuana.
*1262 Even assuming that there was evidence sufficient to show that the Porsche was used in part of the journey to North Dakota, such use appears to be only remotely incidental to the sale of the marijuana. The criminal activity was not proved to have dependence upon the use of the Porsche. We believe that any other ruling by the trial court under the particular circumstances of this case would have passed beyond the outer limits of the terms "facilitate" and "aiding or abetting." The holding of In re Forfeiture of 1979 Toyota Corolla Automobile, 424 So.2d 922 (Fla. 4th DCA 1982), under the facts of that case is clearly distinguishable.
AFFIRMED.
OTT, C.J., and BOARDMAN, J., concur.