HURLEY, Judge,
concurring in part and dissenting in part.
I would uphold the search warrant under the principles announced in United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). There, the court stated:
People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility — sufficient at least to support a finding of probable cause to search.
Id., 403 U.S. 583, 91 S.Ct. 2082.
The informant in this case (unlike those in Spinelli and Aguilar) was identified in the search warrant. Moreover, several of his statements constituted admissions against his own penal interest. Indeed, it was these statements which initially led the trial court to sustain the warrant. The court correctly noted that “[a]n admission against penal interest enhances the reliability and credibility of the person giving the hearsay information.”
Other facts lend additional credibility to the informant’s statements. First, he was caught red-handed with several items from a Volusia County residential robbery and, after talking with the police, directed them to other places where proceeds of the robbery were hidden. Also, he gave a detailed account as to how the robbery had been accomplished — all of which was corroborated by the Volusia County authorities. I submit that the totality of these facts formed a substantial basis to credit the informant’s statements. Any prudent and disinterested observer — and certainly a neutral magistrate — would be fully justified in acting upon this information. Thus, I would uphold the warrant.
Moving on to the search of the Pontiac, I am able to concur only in point C(3) of the majority opinion (inventory search after a justified seizure of the vehicle preparatory to its forfeiture). Ante, at 772-773. In paragraph C(l) the majority attempts to justify the search of the Pontiac’s trunk on the basis of United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). I cannot agree. Aside from the methadone which was in plain view, there are no facts in this record to suggest that the police had probable cause to believe that there was additional contraband in the vehicle. Thus, the majority’s reliance on Ross is misplaced.
Paragraph C(2) seeks to justify the trunk search under the guise of an inventory search preparatory to impoundment. Again, I must disagree. Miller v. State, 403 So.2d 1307, 1309 (Fla.1981), requires that “when the owner or possessor of the vehicle is present, the arresting officers must advise him or her that the motor vehicle will be impounded unless the owner or possessor can provide a reasonable alternative to im-poundment .... ” Here, the arresting officers failed to give the required warning. Their excuse: the defendant was “uncoop *774 erative.” I find this unacceptable. “Lack of cooperation” is not among the exceptions listed in the Miller opinion. The Court expressly stated that “consultation with the owner or possessor is not required in circumstances where the vehicle is unattended, its owner is not reasonably available, or its owner or possessor is mentally incapacitated. Id., at 1309. Absent these circumstances, there is an affirmative duty to give the warning.
It is important to recall that the defendant was placed under arrest as soon as he was apprehended. Thus, I suggest that his “lack of cooperation” was nothing more than the exercise of his right to remain silent. It is elementary that this right cannot be burdened. It is also elementary that the police cannot seize property without probable cause. Therefore, unless the police have justification to seize a vehicle or, unless one of the Miller exceptions is present, the police must comply with the law and advise a defendant of his right to provide a reasonable alternative to im-poundment. In this case, the defendant’s young son was present in the car at the time it was stopped and the police were advised that the child’s mother would come and pick him up. Given this background, the officer’s excuse for failing to comply with the Miller requirement rings hollow. It is nothing more than a pretext to avoid compliance with the law and I do not think it deserves our approbation.
On the other hand, the rationale set forth in paragraph C(3) (seizure preparatory to forfeiture of the vehicle), would justify an inventory search. The methadone/contraband was in plain view. Consequently, the police had a firm basis to conclude that the vehicle was being used in violation of the drug laws and, therefore, was subject to seizure, inventory and, perhaps forfeiture. See In re Forfeiture of 1979 Toyota, 424 So.2d 922 (Fla. 4th DCA 1982), petition for cert. filed, sub nom., Mora v. City of Fort Lauderdale, (Fla. Case No. 63,170, January 28, 1983); State v. Peters, 401 So.2d 838 (Fla. 2d DCA 1981). Accordingly, I concur in part and dissent in part.