447 So.2d 984 (1984)
ONE 1976 DODGE VAN, VIN B11AB6X061791 and Robert Felicetti, Appellant,
v.
STATE of Florida, Appellee.
No. AS-214.
District Court of Appeal of Florida, First District.
March 19, 1984.
*985 William W. Corry, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and John W. Tiedemann, Assistant Attorney General, Tallahassee, for appellee.
WIGGINTON, Judge.
Robert Felicetti, owner of a 1976 Dodge Van, appeals from a trial court decision ordering forfeiture of his van for its use in a drug transaction. We affirm.
The following facts reveal the connection that appellant's van played in the criminal episode. On June 24, 1982, law enforcement officers intercepted a telephone conversation between Randy Yarborough and Helen Crenshaw, during which they negotiated the purchase of a quantity of dilaudid. The transaction was to take place at the Tallahassee Hilton Hotel, and would involve a third party, Becky Taylor.
Later that same day, Yarborough and Taylor were observed arriving at the Hilton in Yarborough's automobile. Taylor entered the lobby where she met Crenshaw. Minutes later, appellant arrived in his van and parked out in front of the Hilton. Crenshaw left the lobby and entered the van, conversed with appellant for a short time, then exited the van to return to the lobby and Taylor. The two women entered the lobby restroom, emerging a few minutes later. Taylor returned to Yarborough's car and drove away. Crenshaw spoke briefly with appellant then returned to a nearby hair salon where she was employed.
Two days later, on June 26, 1982, a second telephone conversation was intercepted, this time between Yarborough and appellant, wherein details of a second purchase of dilaudid were discussed. Appellant agreed to deliver the drugs to Yarborough's house.
Appellant was arrested twenty-three days later and charged by information with two counts of conspiracy to deliver a controlled substance constituting third degree felonies. At that time the police searched his van, but found no contraband. In fact, appellant was never observed during either of the above-referenced transactions as being in actual or constructive possession of illegal drugs. Although irrelevant to this civil forfeiture proceeding, City of Tallahassee v. One Yellow 1979 Fiat, Etc., 414 So.2d 1100 (Fla. 1st DCA 1982), appellant subsequently pled nolo contendere to one of the conspiracy charges, the remaining charge being dismissed.
Shortly after appellant's arrest, the state filed a petition seeking to have appellant's van declared a contraband article as defined in section 932.701(2), Florida Statutes (1981), and forfeited to the Tallahassee Police Department. Appellant answered the petition denying that his van was "used or intended to be used in violation of F.S. § 932.702 (1981)," or that any "violation ... took place in, upon and by means of said property... ." The trial court entered its final order finding the van to have been used in an illegal drug transaction; finding the van to constitute contraband; and awarding title to the van to the Tallahassee Police Department. The court also denied appellant's later motion for an order finding him partially indigent for purposes of appeal. Both orders are now before us for review.
Regarding the order of forfeiture, we find the facts to present a sufficient nexus between the van and the illegal drug transaction to bring the van within the definition of "contraband article" under *986 section 932.701(2)(e),[1] and to make the van subject to forfeiture under sections 932.702(3) and 932.703(1), Florida Statutes (1981).[2] Specifically, by using the van to transport himself to the site of the drug transaction, appellant used the van to "facilitate the consummation of the transaction." In Re Forfeiture of 1979 Toyota Corolla, 424 So.2d 922, 924 (Fla. 4th DCA 1982).
Accordingly, the trial court's forfeiture order is affirmed.
As to the court's denial of appellant's motion for order finding him to be partially indigent for purposes of appellate costs, we also affirm. The court was correct when it denied the motion on the ground that the forfeiture proceedings were civil in nature, "and as such, [Felicetti] is not entitled to the relief which he seeks." Felicetti's motion was premised on Florida Rules of Criminal Procedure 3.111(b)(4) and 3.220(k), which are germane only to criminal proceedings and not to the instant civil forfeiture proceeding. On the contrary, section 57.081(1)[3] is applicable and contemplates that indigents will not be required to pay for the services of any judge, clerk or sheriff in any proceeding, judicial or administrative, including appellate proceedings in civil cases. Fla.R. App.P. 9.430; Chappell v. Florida Department of Health and Rehabilitative Services, 419 So.2d 1051 (Fla. 1982).
However, as section 57.081(1) and Chappell direct, a movant seeking waiver of appellate fees must accompany the motion in the lower court by an affidavit establishing the movant's inability to pay fees, along with a certificate from the movant's attorney that his position is meritorious and that the attorney will not be compensated by him. Neither prerequisite was fulfilled by appellant here.[4]
The orders on appeal are in all respects AFFIRMED.
LARRY G. SMITH and NIMMONS, JJ., concur.
NOTES
[1] § 932.701(2)(e):

Any personal property, including but not limited to, any item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, or currency, which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony.
[2] § 932.702 provides that it is unlawful:

(3) To use any vessel, motor vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.
§ 932.703(1):
Any vessel, motor vehicle, aircraft, and other personal property which has been or is being used in violation of any provision of s. 932.702 or in, upon, or by means of which, any violation of said section has taken or is taking place, as well as any contraband article involved in the violation, shall be seized. All rights and interest in and title to contraband articles or contraband property used in violation of s. 932.702 shall immediately vest in the state upon seizure by a law enforcement agency, subject only to perfection of title, rights, and interests in accordance with this act... .
[3] § 57.081(1):

Any indigent person who is a party or intervenor in any judicial or administrative agency proceeding or who initiates such proceeding shall receive the services of the courts, sheriffs, and clerks, with respect to such proceedings, without charge. No prepayment of costs to any judge, clerk, or sheriff is required in any action when the party has obtained from the clerk in each proceeding a certification of indigency, based on an affidavit filed with him that the applicant is indigent and unable to pay the charges otherwise payable by law to any of such officers. When the person is represented by an attorney, the affidavit shall be supported by a written certificate signed by the attorney representing the person that he has made an investigation to ascertain the truth of the applicant's affidavit and he believes it to be true; that he has investigated the nature of the applicant's position and in his opinion it is meritorious as a matter of law; and that he has not been paid or promised payment of any remuneration for his service and he intends to act as attorney for applicant without compensation. On the failure or refusal of the clerk to issue a certificate of indigency, the applicant is entitled to a review of his application for the certificate by the court having jurisdiction of the cause of action.
[4] Further, we bring to appellant's attention that under Fla.R.App.P. 9.430, appellant should have challenged the court's denial by motion filed in this Court, and not as a point on appeal.