FRANK D. UPCHURCH, Jr., Judge.
James Edward Barton appeals from a final judgment forfeiting his jeep and its contents pursuant to Chapter 932, Florida Statutes (1981), the Florida Contraband Forfeiture Act. We reverse and remand.
After the state presented its case, Barton moved to dismiss the petition on the ground that a prima facie case had not been established. After each side presented argument as to the motiqn, the following exchange occurred:
THE COURT: Well, I will let you send me a brief on the question. In the meantime, do you wish to stand on the evidence and on your motion or present anything?
MR. ELVER [Barton’s counsel]: Judge, I would like to have my cake and eat it, too.
THE COURT: I can’t let you have that.
MR. ELVER: If the court is going to reserve ruling, then I would like to continue the hearing. The position this puts my client in is that he is also ... charged with a criminal violation.... And if I put him on the stand at this point in time, then I believe that anything he says can be used against him. It puts us in an awkward position. We feel we have made a valid argument to the Court. THE COURT: All right. We will take your motion under advisement, and give you an opportunity to present any kind of brief you wish, and if the Court rules in your favor, I will let you come back and pick up the Jeep. If I don’t, I will let you come back and present some evidence.
The record indicates that the court entered final judgment of forfeiture without any further hearing or opportunity to Barton to present his case. This is in direct contravention of the procedure set out by the court and acted to deprive Barton of his right to present witnesses and evidence in his behalf.
We have considered Barton’s other point which is that the state failed to present a prima facie case establishing that his jeep is subject to forfeiture and find it to be without merit. The state introduced evidence showing a sufficient nexus between the vehicle and the contraband in that the jeep was used “to facilitate the transportation ... receipt ... [or] possession” of the marijuana. § 932.702(3), Fla. Stat. (1981). See Hardcastle v. Kratz, 443 So.2d 1027 (Fla. 2d DCA 1983) [8 FLW 2943]; In re Forfeiture of 1979 Toyota Corolla, 424 So.2d 922 (Fla. 4th DCA 1982).
REVERSED and REMANDED.
SHARP, J., concurs.
DAUKSCH, J., concurs specially with opinion.