NIMMONS, Judge.
The state appeals from an order denying forfeiture to the state of a 1977 Volkswagen which was allegedly used to facilitate the sale of contraband (cocaine) in violation of Section 932.702(3), Florida Statutes (1981).[1] The vehicle was seized pursuant to Section 932.703(1),[2] and the state instituted forfeiture proceedings under Section 932.704. We reverse the order denying forfeiture.
The facts upon which the trial court relied in denying forfeiture were presented by stipulation between the state and the owner of the vehicle, Jeff C. Duckham. We summarize those facts.
On or about November 9,1981, Duckham and undercover police officer Brad Joll met at a restaurant in Gainesville to discuss the purchase by Joll of an ounce of cocaine. Joll had initially contacted Duckham prior to November 9 to discuss purchasing cocaine, and Duckham had indicated to Joll that Duckham could obtain cocaine from his roommates. Duckham drove alone in his vehicle arriving at the restaurant earlier than Joll who subsequently arrived in a separate vehicle. During the conversation at the restaurant, Duckham asked Joll for personal information about Joll so that Duckham could reassure his roommates of Joll’s credibility. No conversations occurred in Duckham's vehicle.
After the conversation at the restaurant, Duckham and Joll entered their respective vehicles and Joll followed Duckham to Duckham’s Gainesville residence. When they arrived, they parked their vehicles and entered Duckham’s residence. Once inside, Duckham and Joll awaited the delivery of cocaine to the residence by one Shawn Parker. Joll first received a quarter of an ounce of cocaine from Parker and, after a while, received an additional half an ounce from Parker.[3]
Duckham was later arrested on December 31, 1981, and his automobile was seized on that date. The criminal proceeding culminated in the eventual conviction and sentence of Duckham on October 19, 1982.
Contrary to the holding of the trial court, we find that Duckham used his vehicle to facilitate the sale of contraband within the meaning of Section 932.702(3), and the state was entitled to an order of forfeiture. See One 1976 Dodge Van v. State, 447 So.2d 984 (Fla. 1st DCA 1984); and In Re: Forfeiture of One 1979 Ford, 450 So.2d 863 (Fla. 4th DCA 1984).
Accordingly, the order appealed is REVERSED.
THOMPSON, J., concurs.
BARFIELD, J., dissents with opinion.
BARFIELD, J., dissents:
I dissent. The court has extended the application of the forfeiture statute to snare all motor vehicles owned by participants in illicit contraband transactions if the owner transports himself for any rea *436 son in the vehicle during which time he also furthers the cause of the illegal transaction. Rather than interdicting the flow of contraband, the decision appears to encourage the use of a friend’s or relative’s vehicle, commercial transportation or other conveyance when the use of the vehicle is not really necessary to the accomplishment of the illegal transaction.
ON MOTION FOR REHEARING
NIMMONS, Judge.
In his motion for rehearing or clarification, Duckham, among other things, asks us to modify our opinion so as to remand for further proceedings in order that the trial court might address certain defenses raised by Duckham in the proceedings below but which were not mentioned in the order appealed. It is true that the trial court expressly discussed in its order only the issue of whether Duckham’s use of the subject vehicle was a proscribed “facilitation” within the meaning of the pertinent statute. The trial court concluded such issue adverse to the State and did not discuss the other defenses relied upon by Duckham, namely: (1) that the statute was unconstitutional on its face and as applied; (2) that the forfeiture proceeding was not initiated in a prompt and timely manner; and (3) that the State’s forfeiture petition was “insufficient on its face.”
The trial court’s order followed a final hearing at which any and all outstanding issues, including the above, were properly before the court. Whether the trial judge chose to expressly treat each such issue in his final order is of no moment. If the record supports the trial court’s order on grounds other than that which was expressly relied upon by the court, it is incumbent upon the appellee to assert such on appeal instead of requesting a remand for the purpose of applying to the trial court for express rulings on the other grounds. On appeal, Duckham has asserted the validity of the appealed order only on the ground that the trial court correctly held that Duckham’s use of his vehicle was not a “facilitation” under the statute. He has failed to present on appeal any argument supporting denial of the State’s petition on any of the other defenses which he raised in the trial court.
The motion for rehearing or clarification is Denied.
THOMPSON and BARFIELD, JJ., concur.

. Section 932.702(3) provides:
“It is unlawful:

(3) to use any vessel, motor vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.”

. Section 932.703(1) provides in pertinent part:
"(1) Any vessel, motor vehicle, aircraft, and other personal property which has been or is being used in violation of any provision of s. 932.702 or in, upon, or by means of which, any violation of said section has taken or is taking place, as well as any contraband article involved in the violation, shall be seized. * * "

.Parker was a co-defendant with Duckham in the subsequently filed related criminal proceedings.