478 So.2d 347 (1985)
Jeff C. DUCKHAM, Petitioner,
v.
STATE of Florida, Respondent.
No. 66017.
Supreme Court of Florida.
November 7, 1985.
Larry G. Turner, Robert S. Griscti and Thomas W. Kurrus of Turner, Kurrus & Griscti, Gainesville, for petitioner.
Jim Smith, Atty. Gen. and Eric J. Taylor, Asst. Atty. Gen., Tallahassee, for respondent.
McDONALD, Justice.
Duckham petitioned for review of State v. One 1977 Volkswagen, 455 So.2d 434 (Fla. 1st DCA 1984), on the basis of conflict with Griffis v. State, 356 So.2d 297 (Fla. 1978), and City of Clearwater v. One 1980 Porsche 911 SC, 426 So.2d 1260 (Fla. 2d DCA 1983). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and we approve the district court's decision in this case.
An undercover police officer contacted Duckham, who indicated he could get the drugs from his roommates, about purchasing cocaine. The sale eventually occurred *348 at Duckham's apartment. The police subsequently arrested Duckham and seized his 1977 Volkswagen. The trial court denied forfeiture, but the district court reversed. Even though no drugs had been transported in the car, no conversations had taken place in the car, the policeman had never been in the car, and Duckham used the car solely to transport himself to the restaurant where he struck the deal and then to his apartment, the district court found that Duckham used his car to facilitate the sale of contraband within the meaning of subsection 932.702(3), Florida Statutes (1981).[1]
In reaching this conclusion the district court relied on One 1976 Dodge Van v. State, 447 So.2d 984 (Fla. 1st DCA 1984), and In re Forfeiture of One 1979 Ford, 450 So.2d 863 (Fla. 4th DCA 1984). In One 1979 Ford the appellant had used the vehicle only to travel to and from a bar where he consummated an illegal drug transaction. Relying on In re Forfeiture of 1979 Toyota Corolla, 424 So.2d 922 (Fla. 4th DCA 1982),[2] the district court found that the vehicle had been used to facilitate a proscribed transaction and affirmed forfeiture. Likewise, in One 1976 Dodge Van the state could not prove that illegal drugs had been transported in the subject vehicle. The district court affirmed forfeiture, however, holding that "by using the van to transport himself to the site of the drug transaction, appellant used the van to `facilitate the consummation of the transaction.'" 447 So.2d at 986, quoting 1979 Toyota Corolla, 424 So.2d at 924.
In 1979 Toyota Corolla, relied upon by both cases which the district court cited here, the fourth district affirmed a forfeiture on the following facts: 1) a drug deal; 2) the deal to be consummated in a parking lot; 3) the subject vehicle's owner was a key figure in the deal; 4) he drove the car to the parking lot in order to effect the transaction. As the court stated: "By using his car to transport himself to the site of a drug transaction, Mora used the car to facilitate the consummation of the transaction." 424 So.2d at 924.
After reviewing the record in this case and comparing it with the cases cited above, we agree with the district court's finding the state to be entitled to forfeiture. Duckham acted as a middleman here. The undercover policeman contacted Duckham who arranged for the drugs to be sold by his roommate. Duckham drove alone in his car to a restaurant where he met the police officer. After discussing the sale, each drove to Duckham's apartment in his own vehicle. The sale and delivery occurred in the apartment. But for Duckham's meeting at the restaurant, this exact sale would not have taken place. Because Duckham drove himself to the meeting in the subject vehicle and then to where the sale occurred, we hold that using this vehicle facilitated the illegal sale.[3]
*349 In One 1980 Porsche, cited by Duckham for conflict, the second district affirmed a denial of forfeiture where the subject vehicle's owner had driven his car to the Tampa airport so that he could fly to North Dakota to effect an illegal drug sale. The district court found driving the car to the airport to be too remotely incidental to have facilitated the illicit transaction. In In re Forfeiture of 1977 Jeep Cherokee, 443 So.2d 1027 (Fla. 2d DCA 1983), however, the same district court distinguished One 1980 Prosche on its facts. In remanding for entry of a judgment of forfeiture the court stated: "While the evidence did not unequivocally place the cocaine in the jeep, the record clearly reflects that the jeep was used to transport cocaine or to carry Kratz to and from the transaction site. In either event, the jeep was used to `facilitate' the sale of the cocaine." 443 So.2d at 1029.
As in 1977 Jeep Cherokee, Duckham's use of his vehicle was much more closely related to the drug sale than the vehicle's use in One 1980 Porsche. The instant case is also distinguishable from that case and we find no conflict with One 1980 Prosche. Griffis, however, is another matter.
In Griffis this Court reversed a forfeiture order on a truck whose owner had marijuana in his possession because "[i]t is obvious that the legislative intent in enacting Ch. 73-331, § 12, Laws of Florida, was directed at the transportation of controlled substances for distribution and not for personal possession and consumption." 356 So.2d at 302. In discerning this legislative intent the Court stated:
Although a literal reading of the language contained in Section 943.42, Florida Statutes (1975) [now section 932.702], would support the trial court's finding that the statute does not require that a vehicle be used in an illegal drug. "operation," this literal reading must give way to the legislative intent in enacting the statute which is plainly to the contrary.
Id. at 299. It appears, however, that the legislature intended a more literal reading of the statute.
After Griffis, the legislature amended sections 932.701-.704[4] heavily. Ch. 80-68, Laws of Fla. Section 1 of chapter 80-68, among other things, amended the act's title from "Florida Uniform Contraband Transportation Act" to "Florida Contraband Forfeiture Act." Section 2 added paragraph (4) to section 932.702, making it unlawful to "conceal or possess any contraband article." (Emphasis supplied.) Sections 3 and 4 of chapter 80-68 set out extensive amendments to sections 932.703 and 932.704. Due to these amendments, Griffis is now of dubious value, and we recede from Griffis to the extent of conflict with this opinion and with sections 932.701-.704.
At the trial court level Duckham raised additional issues in defense to the forfeiture. By finding for Duckham on the one issue discussed above, the trial judge was not required to rule on the others. Duckham has not waived these issues and is entitled to have them decided before the forfeiture is finalized. To this limited extent we disagree with the district court.
In sum, we hold that the court of appeal properly found that Duckham's vehicle had been used to facilitate an illegal transaction. The district court's decision is approved on this issue. Other issues remain, however, and the case should be remanded to the trial judge for a ruling on Duckham's other defenses. The district court is directed to do so.
It is so ordered.
BOYD, C.J., and OVERTON, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] § 932.702(3), Fla. Stat. (1981), states that it is unlawful "[t]o use any vessel, motor vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article."
[2] This Court dismissed jurisdiction of 1979 Toyota Corolla in Mora v. City of Ft. Lauderdale, 446 So.2d 97 (Fla. 1984).
[3] 21 U.S.C. § 881, part of the Comprehensive Drug Abuse Prevention and Control Act of 1970, contains a similar forfeiture provision to that contained in §§ 932.701-.704. In construing § 881 numerous federal courts have upheld or ordered forfeiture in situations similar to that presented here. E.g., United States v. One 1979 Porsche Coupe, 709 F.2d 1424 (11th Cir.1983) (affirmed forfeiture of car used to transport "pivotal figure"); United States v. One 1980 Cadillac Eldorado, 705 F.2d 862, 863 (6th Cir.1983) ("[I]ntent is the determining factor, not the actual presence of a controlled substance."); United States v. Fleming, 677 F.2d 602, 610 (7th Cir.1982) ("[A]rrival in the car at a location far from his south-side home, his participation in the drug transaction ..., and the likelihood that he planned to leave as he had come" supported forfeiture.); United States v. One 1979 Mercury Cougar XR-7, 666 F.2d 228 (5th Cir.1982) (car driven around to locate an airstrip and to rent a U-haul, a warehouse, and a motor home to be used for moving the drugs, storing the drugs, and to live in while selling the drugs held subject to forfeiture); United States v. One 1977 Cadillac Coupe DeVille, 644 F.2d 500 (5th Cir.1981) (transporting a person who is an indispensable link in an illegal transaction is sufficient to warrant forfeiture of a motor vehicle); United States v. One 1974 Cadillac Eldorado, 548 F.2d 421 (2d Cir.1977) (ordered forfeiture of car used to transport dealer to arrange sale).
[4] In 1981 the legislative reviser transferred and renumbered §§ 943.41-.44 as §§ 932.701-.704.