# FORFEITURE OF THE PROPERTY OF ZINGARETTI
## Case No. 85-5083
First Judicial Circuit, Escambia County
July 22, 1986

**APPEARANCES OF COUNSEL**

**Bill White** for plaintiff, State of Florida.
**Ron Shelley** for defendant Zingaretti.

## OPINION OF THE COURT

NICHOLAS GEEKER, Circuit Judge.

## MEMORANDUM ORDER

This cause is before the Court following evidentiary hearing and submission of memoranda of law in support of and opposition to the State of Florida's petition to forfeit one 1978 Datsun 280-Z automobile, 46,043 U. S. currency and a weapon and assorted ammunition belonging to respondent Vincent R. Zingaretti. Having considered the testimony and evidence presented and having resolved the credibility choices to be made, the Court concludes as follows:

## PRELIMINARY STATEMENT OF ACTION

On September 27, 1985, respondent travelled from Ft. Walton Beach, Florida, to Pensacola, Florida, and purchased a Datsun 280-Z automobile. Later that day petitioner was stopped by a member of the Pensacola Police Department for speeding. A consensual search of the 280-Z automobile revealed a quantity of prazepam, a controlled substance, as well as $6,043 U. S. currency and a semi-automatic weapon and assorted ammunition. Upon questioning by law enforcement authorities, respondent stated he was destined for an unknown location to purchase a quantity of cocaine. In pretrial proceedings, this Court denied respondent's (C)(4) motion to dismiss premised on his argument that the prazepam had been lawfully dispensed to his mother who had asked respondent to bring it to her at work several days preceding its seizure. This Court denied the motion to dismiss since it concluded that respondent could not avail himself of the statutory defense that was intended only for the person to whom the drug had been prescribed. Furthermore, the Court observed that several days had elapsed with respondent having the prazepam in his other car without its delivery to his mother as it was intended. Subsequently, respondent entered a plea to misdemeanor possession of a prescription drug and was adjudged guilty.

## FORFEITURE OF 280-Z AUTOMOBILE

At hearing, the Court recognized the stipulation implicit in the plea agreement that the conviction in the companion criminal case would not be the basis for the forfeiture of the automobile in this case. Since the conviction was obtained for a misdemeanor violation under § 893.13(1)(d)(3), such conviction by itself would not support a forfeiture under § 932.703.

Notwithstanding these events of record, there are other additional facts to support forfeiture. The discovery of prazepam, a Schedule IV controlled substances, in the respondent's automobile constituted a lawful basis for its seizure since possession of prazepam is a third

117

degree felony proscribed by § 893.13(1)(e). The explanation given by respondent for his possession of the prazepam was rejected by this Court as insufficient as a matter of law. Therefore, the undisputed facts establish that this automobile was used as an instrumentality to transport, conceal or possess a felony amount of a controlled substance, viz., prazepam. Under such circumstances, forfeiture of the automobile is warranted. *Dept. of Highway Safety & M.V. v. Pollack*, 462 So. 2d 1199 (Fla. 3d DCA 1985).

## FORFEITURE OF CURRENCY AND WEAPONS

Accepting petitioner's assertion that forfeiture may be decreed not only in instances where property "has been used" or "is being used" in violation of Florida law but also in instances where property is "intended" to be used in violation of Florida law, this Court must analyze the facts of record in light of existing precedent.

Respondent was stopped in an automobile found to contain a small quantity of prescription drugs. Additionally, a semi-automatic weapon, ammunition and over $6,000 in cash were found in it. Naturally, police officers in light of their experience, could rightfully surmise that some type of narcotic-related activity was afoot. Respondent apparently confirmed these suspicions when he acknowledged he was en route to consummate a cocaine transaction. (Clearly, since respondent was not found in possession of any cocaine but only a large amount of cash, it can be safely assumed he was to be the intended purchaser of the cocaine. In the analysis that follows this fact is pivotal.)

Petitioner posits that the conduct of respondent was sufficient to constitute an attempt to possess or to participate in delivery of cocaine; and therefore the currency in his possession at that time was contraband proscribed by statute as being intended to be used in violation of Chapter 893, Florida Statutes. The authority of *Coleman v. Brandon*, 426 So.2d 44 (Fla. 2d DCA 1982) appears to reject outright the "attempt" argument advanced by petitioner. Nevertheless, petitioner asserts that resort to recent federal decisions is appropriate, see e.g., *Duckman v. State*, 478 So. 2d 347 (Fla. 1985), and that such authority would support forfeiture of these items of alleged contraband. *United States v. $38,600 in U. S. Currency*, 784 F. 2d 694 (5th Cir. 1986). While both cases cited by petitioner are persuasive they are not controlling given the facts *sub judice*. In the cited cases there was more affirmative evidence present to indicate an intention to participate in drug related activity other than the lone admission by the driver of the

118

seized automobile that he was enroute to a site to purchase drugs. How can this Court be satisfied that a drug transaction was truly imminent knowing the vagaries that accompany these deals? There was no information provided as to whom respondent would be meeting or to where he was travelling to engage in this transaction. Suppose the seller failed to appear at the predetermined place and time? There are facts one cannot be certain of or to which answers cannot be provided unless the respondent had travelled further and did other overt acts in furtherance of the purported cocaine sale.

Interpreting these facts in the light most favorable to petitioner the Court is compelled to conclude that the facts do not warrant a determination that the currency and weapon involved were intended to be used to facilitate a drug transaction in violation of state law. Simply put, there is not enough evidence developed to establish a sufficient nexus between the currency and weapon in the vehicle and any illegal drug transaction to bring these items within the meaning of contraband articles subject to forfeiture under Florida law. Compare, *One 1976 Dodge Van v. State*, 447 So. 2d 984 (Fla. 1st DCA 1984). The authority of *United States v. $84,000*, 717 F. 2d 1090 (7th Cir. 1983), cited in *United States v. $38,000*, supra, would otherwise control had respondent herein done sufficient acts for this Court to conclude an *attempt* to commit an offense was made as was clearly apparent in that case from the admission given by the respondents. The petition for forfeiture of the currency, weapon and ammunition should be denied. *City of Clearwater v. One 1980 Porsche*, 426 So. 2d 1260 (Fla. 2d DCA 1983).

Likewise, given the small quantity of prazepam found in respondent's vehicle, there is not sufficient basis for this Court to conclude the possession of the prazepam was reasonably connected to possession of the currency and weapon to justify forfeiture of these items. This conclusion merely embodies the Court's statement made at time of hearing.

Accordingly, it is

ORDERED;

1. Motion for forfeiture is granted in part and denied in part.

2. Petitioner shall prepare and submit within fifteen (15) days of entry of this order a final judgment consistent with the above.

DONE AND ORDERED at Pensacola, Escambia County, Florida, this 22nd day of July, 1986.