521 So.2d 167 (1988)
Jesus MARTINEZ and Concepcion Martinez, Appellants,
v.
Walter C. HEINRICH, As Sheriff, Hillsborough County, Florida, Sheriff's Department, Appellee.
No. 86-3009.
District Court of Appeal of Florida, Second District.
February 5, 1988.
Rehearing Denied March 11, 1988.
John H. Weston and Clyde F. DeWitt of Brown, Weston & Sarno, Beverly Hills, Cal., and Russell Healey of Tassone & Healey, Jacksonville, for appellants.
Bill James, State Atty., and James M. Barton, II, Asst. State Atty., Tampa, for appellee.
FRANK, Judge.
We are asked in this proceeding to reverse the trial court's forfeiture order depriving the appellants, Jesus and Concepcion Martinez, of a 1978 and a 1985 Cadillac. In our consideration of this matter we have reviewed and assessed the record in its entirety. It is our judgment that the forfeiture order is not supported by the *168 evidence. In the light of that determination and consistent with the fundamental doctrine that "courts should not decide constitutional issues unnecessarily," Jean v. Nelson, 472 U.S. 846, 105 S.Ct. 2992, 2998, 86 L.Ed.2d 664 (1985), we refrain from passing upon the contention that the instant forfeitures offend the First Amendment. See also Griffis v. State, 356 So.2d 297 (1978); In re Forfeiture of One Cessna 337H Aircraft, 475 So.2d 1269 (Fla. 4th DCA 1985).
The record discloses that Jesus and his son, Alexander, maintain and operate "adult bookstores" in Hillsborough County. Jesus' wife, Concepcion, conducts a restaurant business in Tampa. Jesus's 1978 Cadillac and Concepcion's 1985 Cadillac were seized by the sheriff as an outgrowth of a direct information charging Jesus and Alexander with the violation of section 895.03(3), Florida Statutes (1985), and section 847.011(1)(a), Florida Statutes (1985). Jesus and Concepcion initiated a replevin action against the sheriff. The matter ultimately went to trial upon a counterclaim for forfeiture filed by the sheriff and the state attorney in accordance with section 932.701, Florida Statutes (1985), the Florida Contraband Forfeiture Act. The counterclaim alleged that "each vehicle was used for the purpose of transporting obscene literature or proceeds from the sale of obscene literature... ."
The evidence tendered the trial court consisted of the testimony of two deputy sheriffs and seven exhibits, six of which were magazines purchased by the deputies from the adult bookstores. The trial court found, and we concur in the finding, that the magazines are obscene within the meaning of Chapter 847, Florida Statutes (1985). We disagree, however, with the trial court's factual determination that the Cadillacs "were used in Hillsborough County to commit violations of Florida's R.I.C.O. laws." In expressing our disagreement with the trial court's ultimate conclusion, we are not reluctant to note the difficulty often experienced with cases of this kind; we have found no judicial alchemy offering bright line guidance in determining in each instance that which does and that which does not "facilitate" the commission of a crime. Cf. In re Forfeiture of One 1983 Lincoln Four Door Automobile, 497 So.2d 1254 (Fla. 4th DCA 1986). Thus, the evidence supporting judicially sanctioned taking of property must be reasonably clear in the light of the historic policy of courts to abhor forfeiture. See Ferlita v. State, 380 So.2d 1118 (Fla. 2d DCA 1980); Coleman v. Brandon, 426 So.2d 44 (Fla. 2d DCA 1982).
To achieve forfeiture of the automobiles the sheriff was charged with the burden of showing that the automobiles "facilitated" the commission of a felony. In re Forfeiture of One 1976 Chevrolet Corvette, VIN 1Z37L6541240, 442 So.2d 307 (Fla. 5th DCA 1983). Essential to the RICO violation underlying forfeiture of the cars was evidence that Jesus and Alexander had engaged in an "enterprise" through a pattern of racketeering activities contrary to section 895.03(3), Florida Statutes. The "pattern of racketeering" must consist of the commission of at least two predicate acts, which in this case were sales of obscene materials. § 895.02(1)(a)(23), Fla. Stat. The evidence adduced at the forfeiture hearing was sufficient to warrant the trial court's conclusion that the appellants had violated Florida's RICO Act. We are troubled, however, by the absence of any direct link between the use of the automobiles and the illegal activity. Our understanding of the standards extracted from recent forfeiture cases persuades us that the evidence will not sustain the trial court's decision.
That which the evidence shows is that Jesus and Alexander used the automobiles in their business of operating adult bookstores which were the target of a year long obscenity investigation by the Hillsborough County Sheriff's Office. In the course of the investigation Detective Messer observed Jesus drive to and from his bookstore located on Skipper Road in a 1978 Cadillac registered in his name. On one occasion Messer saw Jesus and a companion leave the premises and place in that car a plastic pail containing what Messer *169 thought was money and brass tokens. On another occasion Messer and Detective Frulio observed Alexander arrive at the Cigar City Mini Plaza, where Jesus operated two bookstores. Alexander was driving the 1985 Cadillac belonging to his mother, Concepcion. Messer saw Alexander place tokens and film boxes into the trunk of the Cadillac; he then took a box from the trunk of the car and took it to the other bookstore in the same shopping plaza. Frulio followed Alexander into the bookstore and saw that the box contained magazines but they are not shown by this record to have been obscene; he also observed Alexander take money from the clerk. On each of these occasions the detectives purchased the magazines later found by the trial court to be obscene.
It is difficult, if not impossible, to conclude from the sketchy facts developed at trial that the automobiles "facilitated" the conduct of any illegal activity. The obscene literature purchased by the detectives was at the bookstores when it was purchased. The record does not reveal how the purchased literature was transported to the bookstores or how the automobiles might have made the conduct of an enterprise to sell obscene materials any easier or less difficult. See In re Forfeiture of 1968 Desco Shrimping Vessel, "Stargazer" I.D. No. 573163, 417 So.2d 279 (Fla. 1st DCA 1982) (statutory term "facilitate" interpreted simply as the ordinary Webster's Dictionary definition).
We concede that the automobiles were used to transport Jesus and Alexander to the locations where the obscene materials were sold, and the sheriff emphasizes that fact, relying upon Duckham v. State, 478 So.2d 347 (Fla. 1985). In Duckham the forfeited car was held to have been a proper subject for forfeiture because it was used to drive to a restaurant where a deal was completed with an undercover police officer for the purchase of cocaine. The court held that the automobile had facilitated the illegal sale even though it was neither used to transport drugs nor was it the situs of the dealings between Duckham and the police officer. The court concluded, however, that "[b]ut for Duckham's meeting at the restaurant, this exact sale would not have taken place." 478 So.2d at 349 (emphasis supplied). Thus, in Duckham, one can perceive a direct temporal and proximal link between the automobile and the illegal activity upon application of the "but for" test. We followed that principle in Smith v. Caggiano, 496 So.2d 853 (Fla. 2d DCA 1986), and upheld the forfeiture of a vehicle that was used to drive to a location where felonious wagering activities occurred. In short, commission of the felony and the forfeited automobile were inextricably wedded in Duckham and Caggiano.
By contrast, however, we concluded in City of Clearwater v. One 1980 Porsche 911 SC, Vehicle ID # 91A0140918, 426 So.2d 1260 (Fla. 2d DCA 1983), that a Porsche used to drive the appellant to the Tampa Airport, where he boarded an airplane for North Dakota and there engaged in a marijuana transaction, could not be forfeited because "[t]he criminal activity was not proved to have dependence upon the use of the Porsche." 426 So.2d at 1262. Such is the case here; there is not a sufficient evidentiary nexus between the cars and the illegal literature. The Martinezes were not observed engaged in the illicit vending of obscene material. The sale of the obscene literature would have occurred whether or not the Martinezes were present at the bookstores, and it is manifest from the record that no one observed either obscene materials or proceeds from their sale in either of the automobiles. See City of St. Petersburg Beach v. Jewell, 489 So.2d 78, 80 (Fla. 2d DCA 1986) (the automobile was not shown to have been an assisting factor in the process of obtaining fraudulent documents). Here, as in One 1980 Porsche 911 SC, the use of the automobiles was only "remotely incidental" to the illegal conduct.
To uphold forfeiture in the case before us would be to approve the taking of the automobiles only because the Martinezes had committed RICO violations at a place where they conducted other activities, which are not shown to have been illegal, without requiring a demonstration that "but for" the use of the automobiles the *170 illegal activity could not have occurred. Even drawing the broadest inferences from the evidence before us, we cannot uphold the trial court's determination in this case. Accordingly, we reverse the order of forfeiture and direct that the automobiles be returned.
We remand for further proceedings consistent with this opinion.
LEHAN, A.C.J., and THREADGILL, J., concur.