497 So.2d 1254 (1986)
In re FORFEITURE OF ONE 1983 LINCOLN FOUR DOOR AUTOMOBILE, VEHICLE IDENTIFICATION NUMBER (V.I.N.) NBP96F6DY602540.
No. 85-765.
District Court of Appeal of Florida, Fourth District.
September 17, 1986.
Susan L. Somers, Fla. Dept. of Law Enforcement, Miami, for appellant.
Arthur C. Koski, Boca Raton, for appellee.
DOWNEY, Judge.
This is an appeal from an order of the Circuit Court of Palm Beach County, which denied the Florida Department of Law Enforcement's (FDLE) petition for rule to show cause seeking to forfeit the automobile of Harry Pappas for alleged involvement in the commission of a felony.
The evidence adduced at the final hearing on the petition reflected that in April, 1983, Pappas made a loan of $6,000 to Richard Bartley, payable $180 per week as interest without reduction of principal. In September, 1983, Pappas made a second loan to Bartley of $4,000. Thereafter, interest was payable on the total principal amount in the sum of $300 per week. It is conceded that the interest rate was over 150 percent per annum and, thus, constituted criminal usury and violated section 687.071(3), Florida Statutes (1983), a third degree felony.
Bartley made the interest payments until December, 1983, without any reduction in principal. When he became financially unable to continue, Pappas and Bartley met in December and agreed that Bartley would pay $150 per week to Pappas personally, but the $300 per week interest payments would be added to the $10,000 principal balance.
*1255 In July, 1984, Bartley contacted FDLE and complained about the foregoing loan transactions. At FDLE's suggestion, Bartley arranged another meeting for February 6, 1984, with Pappas at Bartley's office in Pompano. On that occasion Pappas drove in his Lincoln to Bartley's office, ostensibly for the purpose of collecting outstanding interest and/or payments on the loans. A body bug had been placed on Bartley by FDLE and the conversations he had with Pappas were taped and admitted into evidence. They discussed the loans and Bartley's inability to keep up with the payments. While the loan transactions were discussed in detail, no money changed hands at the February 6, 1984, meeting. Pappas advised Bartley that he should try to get some big money and pay the whole thing off. In the interim, he advised Bartley that the principal amount of the loan then was $12,800 because of the added interest that had not been paid. Pappas advised Bartley that he was going to try to get his "people" in New York to allow Bartley to retire the debt by repaying the $10,000, instead of the $12,800, in exchange for Bartley's paying off in lump sum. In the interim, Bartley was instructed to continue paying the $300 per week interest.
As a result of the foregoing, FDLE seized Pappas's Lincoln, and filed a petition to forfeit the automobile pursuant to sections 932.701-932.704, Florida Statutes (1983), alleging, inter alia, that the vehicle was used
in violation of Section 687.071, Florida Statutes, Felonious Criminal Usury and/or a violation of this (these) provision(s) of law took place in, upon or by means of the above-described property; and/or the above-described property was significantly involved in the criminal transaction(s) or activity(ies) and/or was used to facilitate the illegal transaction(s) or activity(ies); or this property is a "contraband article" as defined in Section 932.701, Florida Statutes (1981), in that it has been or was actually employed as an instrumentality in the commission of or in aiding or abetting in the commission of a felony, to wit: violations of Section 687.071(3), Florida Statutes relating to Usury; or the above-described property was a vehicle used to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange or giving away of any contraband article, in violation of Section 932.702, Florida Statutes, (1981)... .
The final judgment refused to grant a forfeiture, although the court found that the evidence clearly proved criminal usury as proscribed by section 687.071(3), Florida Statutes (1983), a third degree felony. The trial judge found that, while the loans of April and September, 1983, constituted criminal usury, the FDLE failed to demonstrate that the vehicle sought to be forfeited was a contraband article as described in section 932.701(2), Florida Statutes (1983). Furthermore, the trial judge found not a scintilla of evidence that the vehicle had been or was actually employed as an instrumentality in the commission of, or in aiding or abetting in, the commission of criminal usury. He thus concluded:
It is undisputed that Pappas drove the subject automobile to the February 6, 1984 meeting with Bartley where the prior loans and repayments were discussed in some detail. However, it is also undisputed that no money, either as principal or interest, changed hands between Bartley and Pappas at that meeting. Therefore, the evidence is legally insufficient to classify the subject automobile as a "contraband article," subject to forfeiture under section 932.701(2)(e), Florida Statutes.
The forfeiture statute was amended in 1980 to include § 932.701(2)(e), to broaden the scope of a "contraband article" to include any vehicle that has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony. Section 687.071(3), Florida Statutes (1983), provides that, unless specifically allowed by law, any person making an extension of credit to any person, who shall willfully and knowingly charge, take or receive interest *1256 thereon at a rate exceeding forty-five percent per annum shall be guilty of a felony of the third degree. The same statute states that "extension of credit" means to make or renew a loan of money or any agreement for forbearance to enforce the collection of such loan.
As set forth above, at the meeting of February 6, 1984, Pappas told Bartley that, in exchange for Bartley's paying off the loans in a lump sum, he would try to persuade his "people" to accept $10,000 rather than the current amount due of $12,800. Thus, we believe that the forbearance aspect of section 687.071 is applicable and that FDLE adequately proved its case for forfeiture under section 932.701(2)(e). It was not necessary for the vehicle involved to be carrying some contraband, such as currency, drugs, etc. While the agreement to forbear on the collection of the loan may not have actually been consummated at the time the vehicle was seized, the vehicle driven by Pappas to the February 6, 1984, meeting was still used to facilitate the commission of the contemplated crime. See United States v. One 1979 Porsche Coupe, 709 F.2d 1424 (11th Cir.1983) (Although subject's automobile had transported neither contraband nor money, the vehicle, which was used to transport the pivotal figure in the attempted narcotics transaction several hundred miles to the precise location in which the attempted purchase took place, had a sufficient nexus to the attempted drug purchase to support the forfeiture); United States v. One 1979 Lincoln Continental, 574 F. Supp. 156 (N.D.Ohio 1983), aff'd, 754 F.2d 376 (6th Cir.1984) (Where at time automobile was stopped and seized it was most probably being used to facilitate pending but uncompleted drug transaction, sufficient nexus between car and drug deal warranted forfeiture of vehicle under forfeiture statute); United States v. One 1981 Datsun 280ZX, 563 F. Supp. 470 (E.D.Pa. 1983) (Forfeiture is not limited to those situations in which a sale is consummated or prosecution brought, nor need drugs be found in vehicle; it is sufficient if car is used to "facilitate" purchase, sale or transportation of controlled substance or if it is "intended" to be so used). See also United States v. One 1977 Cadillac Coupe DeVille, 644 F.2d 500 (5th Cir.1981); United States v. One 1974 Cadillac Eldorado Sedan, Etc., 548 F.2d 421 (2d Cir.1977); Duckham v. State, 478 So.2d 347 (Fla. 1985); In Re Forfeiture of 1979 Toyota Corolla, 424 So.2d 922 (Fla. 4th DCA 1982), rev. withdrawn sub nom. Mora v. City of Fort Lauderdale, 446 So.2d 97 (Fla. 1984).
Accordingly, the judgment appealed from is reversed and the cause is remanded with directions to enter a judgment of forfeiture.
REVERSED AND REMANDED, with directions.
HERSEY, C.J., and LEVY, J., concur.