THREADGILL, Judge.
The city of Lake Alfred appeals from an order denying forfeiture of a 1979 Ford truck. We reverse.
On September 17, 1986, Danny Strine drove his 1979 Ford truck to Lions Park in Lake Alfred, Florida, to buy marijuana. While still in his truck, Strine was introduced to Randy Whatley, an undercover police officer. Whatley asked Strine if he was ready to proceed with the sale; whereupon Strine got into Whatley’s automobile.
Whatley then handed Strine a one-pound bag of marijuana and demanded to see some money. Strine showed him $800 in one-hundred dollar bills and indicated that he wanted to sample the marijuana by rolling and smoking a marijuana cigarette. At that point, Whatley signaled other police officers who moved in and arrested Strine.
The city subsequently filed a petition for forfeiture of the truck and money pursuant to chapter 932.701, et seq., Florida Statutes (1985). At the hearing, Strine admitted that he owned the truck and that he was at Lions Park to buy marijuana.
The court found that the currency was contraband as defined by section 932.701, et seq. and ordered that it be forfeited; however, finding that there was insufficient involvement “in the commission of the felony,” the court denied forfeiture of the truck. We find that the court erred in denying forfeiture of the truck.
Section 932.702(3) provides: “It is unlawful ... (3) to use any ... motor vehicle, ... to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange or giving away of any contraband article.” Contraband is defined in section 932.-701(2)(a) to include any currency intended, to be used in violation of any provision of chapter 893.
Courts have interpreted this subsection to allow forfeiture where the vehicle is used to transport a perpetrator, as well as actual contraband, to the scene of the crime. For example, in Duckham v. State, 478 So.2d 347 (Fla.1985), an undercover police officer contacted Duckham about buying cocaine and Duckham drove in his car to a meeting with the officer and then to his own apartment, where the sale and delivery occurred. The court held that because the use of the vehicle facilitated the illegal sale, forfeiture was proper. Likewise, in Smith v. Caggiano, 496 So.2d 853 (Fla. 2d DCA 1986), this court held that a Cadillac, used to transport its owner to a particular location where the owner engaged in felonious wagering activities outside and away from the vehicle, was contraband and subject to forfeiture.
In addition, forfeiture is justified even though the crime may not actually be consummated when the vehicle is seized. In In Re: Forfeiture of One 1983 Lincoln Four-Door Automobile, 497 So.2d 1254 (Fla. 4th DCA 1986), the court found that it was not necessary for forfeiture that the vehicle involved be carrying some contraband. See also United States v. One 1979 Porsche Coupe, 709 F.2d 1424 (11th Cir.1983); United States v. One 1979 Lincoln Continental, 574 F.Supp. 156 (N.D.Ohio 1983), aff'd, 754 F.2d 376 (6th Cir.1984); United States v. One 1981 Datsun 280ZX, 563 F.Supp. 470 (E.D.Pa.1983).
Since Strine was found to have driven his truck with the contraband (money) to the park for the purpose of buying marijuana, we find that the truck was used to facilitate a sale or exchange of contraband which is forbidden by the statute and should have been forfeited.
Reversed and remanded with directions to amend the final judgment of forfeiture to include the 1979 Ford Pickup truck.
SCHEB, A.C.J., and HALL, J., concur.