GOSHORN, Judge.
Williams appeals an order forfeiting his automobile pursuant to sections 932.701-932.704, Florida Statutes (1987). We reverse.
A law enforcement agency attempting to effectuate a forfeiture must prove by the preponderance of the evidence that the automobile “has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony”. Section 932.-701(2)(e) Florida Statutes (1987). As Judge Zehmer observed in Crenshaw v. State, 521 So.2d 138, 141 (Fla. 1st DCA 1988), review granted, Case No. 72,181 (Fla. May 13, 1988).
[S]ome nexus must be found to exist between the occupant’s use of the vehicle and the prohibited criminal conduct beyond what may be characterized as remotely incidental use. (emphasis added)
Williams’ use of his BMW automobile to drive approximately one block to an apartment where he allegedly committed the crime of a lewd and lascivious act on a child can only be considered remotely incidental to his criminal conduct.
REVERSED.
DAUKSCH, J„ concur.
COBB, J., concurs specially with opinion.