556 So.2d 1390 (1990)
CITY OF EDGEWOOD, Petitioner,
v.
Michael L. WILLIAMS, Respondent.
No. 74129.
Supreme Court of Florida.
February 1, 1990.
Rehearing Denied March 22, 1990.
James Patrick Curry of Curry, Taylor & Carls, Orlando, for petitioner.
William A. Greenberg of Greenberg & Lester, Fern Park, for respondent.
Enoch J. Whitney, Gen. Counsel, and R.W. Evans, Asst. Gen. Counsel, Tallahassee, amicus curiae, for Dept. of Highway Safety and Motor Vehicles.
BARKETT, Justice.
We review Williams v. City of Edgewood, 541 So.2d 122 (Fla. 5th DCA 1989), because of asserted conflict with Duckham v. State, 478 So.2d 347 (Fla. 1985); In re Forfeiture of One 1983 Lincoln, 497 So.2d 1254 (Fla. 4th DCA 1986); and Smith v. Caggiano, 496 So.2d 853 (Fla. 2d DCA 1986).[1]
The issue presented is whether Williams' car was subject to forfeiture pursuant to section 932.701(2)(e) of the Florida Statutes (1985). In July 1987, a fifteen-year-old female friend of Williams went to clean her brother's apartment, which she did regularly during the summer months. She took a cab to the apartment, intending to ride home on her bicycle that had been left there. However, it rained that day, so she called Williams at his office and asked him to drive her home in his automobile. Williams told her he was busy working, and he suggested that she find another way home. A little while later, the youth called Williams again. This time, Williams agreed to give her the ride. He drove his BMW automobile approximately one block from his office to the apartment. As they were about to leave the apartment, Williams allegedly touched or fondled the victim's breast in violation of section 800.04 of the Florida Statutes (1985).
The city of Edgewood petitioned for forfeiture of Williams' BMW on the basis that Williams used it to transport himself to and from the scene of a felony. The trial court issued a judgment of forfeiture, finding that the car had been "used and employed in aiding or abetting in the commission of a crime." The district court reversed, holding that "Williams' use of his BMW automobile to drive approximately one block to an apartment where he allegedly committed the crime of a lewd and lascivious act on a child can only be considered remotely incidental to his criminal conduct." City of Edgewood, 541 So.2d at 123.
*1391 The city of Edgewood argues that the legislature did not intend to impose a "remotely incidental" use limitation on forfeitures in this factual situation pursuant to the contraband forfeiture provisions of sections 932.701-932.704 of the Florida Statutes (1985). The city asserts that this case is controlled by Duckham v. State, 478 So.2d 347 (Fla. 1985), In re Forfeiture of One 1983 Lincoln, 497 So.2d 1254 (Fla. 4th DCA 1986), and Smith v. Caggiano, 496 So.2d 853 (Fla. 2d DCA 1986).
In Duckham, the defendant arranged to meet with an undercover police officer to buy drugs, and then drove his Volkswagen to a restaurant where they negotiated the deal. This Court approved forfeiture of the Volkswagen even though no drugs were transported in the car and the sale took place later in Duckham's apartment. The Court reasoned that "[b]ut for Duckham's meeting at the restaurant, this exact sale would not have taken place." Duckham, 478 So.2d at 348.
In reaching that conclusion, the Court in Duckham found no conflict with City of Clearwater v. One 1980 Porsche 911 SC, 426 So.2d 1260 (Fla. 2d DCA 1983). In that case, a Porsche was driven to Tampa International Airport, from which the driver flew to North Dakota to consummate a drug deal. The Second District held that the Porsche was not subject to forfeiture because its use was "only remotely incidental" to the underlying crime.
Even assuming that there was evidence sufficient to show that the Porsche was used in part of the journey to North Dakota, such use appears to be only remotely incidental to the sale of marijuana. The criminal activity was not proved to have dependence upon the use of the Porsche. We believe that any other ruling by the trial court under the particular circumstances of this case would have passed beyond the outer limits of the terms "facilitate" and "aiding or abetting."
One 1980 Porsche 911 SC, 426 So.2d at 1262.
This Court in Duckham specifically refused to overrule One 1980 Porsche 911 SC, reasoning that the use of the car in Duckham "was much more closely related to the drug sale than the vehicle's use in One 1980 Porsche [911 SC]." Duckham, 478 So.2d at 349.
In In re Forfeiture of One 1983 Lincoln, the Lincoln's owner drove his car to the victim's office to collect outstanding interest and/or payments on a usurious loan. The trial court refused to grant the forfeiture, but the Fourth District reversed, citing Duckham and finding that the car was subject to forfeiture because it had been used to facilitate felonious usury. In Smith v. Caggiano, the Second District relied upon Duckham to justify the forfeiture of a Cadillac automobile because it had been used to transport the owner to the scene of felonious wagering.
On the other hand, in Martinez v. Heinrich, 521 So.2d 167 (Fla. 2d DCA 1988), the owners of two Cadillac automobiles used the cars to transport themselves to their adult bookstores where obscene materials allegedly were sold in violation of the Racketeer Influenced and Corrupt Organization (RICO) Act. The Second District relied upon our reasoning in Duckham to reverse the trial court's order of forfeiture because there had been no showing that, but for the use of the automobile, the illegal activity could not have occurred.
Duckham and its progeny stand for the proposition that when a vehicle is used merely to transport an individual whose subsequent conduct results in criminal activity, the vehicle is subject to forfeiture only if its use was closely and knowingly related to the criminal conduct. If the illegal activity had not been intended when the vehicle was used, and could have occurred as easily without the vehicle, the vehicle cannot be subject to forfeiture. Cf. § 932.703(2), Fla. Stat. (1985).[2]
*1392 This line of cases is wholly distinguishable from forfeiture cases where criminal activity actually took place in the vehicle being forfeited. Both sides agree that the leading case in that line, State v. Crenshaw, 548 So.2d 223 (Fla. 1989), does not directly control here. In Crenshaw, the majority held that forfeiture was an appropriate penalty where an individual possessed a felony amount of drugs while in the vehicle, and that no further nexus between the criminal act and the vehicle was required in those circumstances. Crenshaw addressed sections 932.701(2)(a)-(d), 932.702(1)-(4), and 932.703 of the Florida Statutes (1985). To the contrary, forfeiture in the instant case was initiated pursuant to section 932.701(2)(e). Section 932.701(2)(e) defines contraband as
[a]ny personal property, including ... any ... vehicle of any kind ... which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony.
We agree that the case at bar is clearly distinguishable from Crenshaw.
The city of Edgewood suggests that denying the forfeiture in this case would require us to find either (a) that there was no felony, or (b) that the BMW was not used as an instrumentality of the crime, or was not used to aid and abet the crime. We agree. The facts clearly demonstrate that the use of the vehicle was not closely related to the commission of a criminal act. At best, use of the car was only remotely incidental to the act. There is no evidence to suggest that Williams had any intention to commit a criminal act when he used his car in this instance.
Accordingly, we find that the vehicle cannot be deemed to be an instrumentality in the commission of a felony, nor can we say that it aided or abetted in the commission of a felony as required by section 932.701(2)(e). We approve the decision of the district court.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
OVERTON, J., concurs in result only.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
[2] Section 932.703(2) of the Florida Statutes (1985), provides in relevant part that

[n]o property shall be forfeited under the provisions of ss. 932.701-932.704 if the owner of such property establishes that he neither knew, nor should have known after a reasonable inquiry, that such property was being employed or was likely to be employed in criminal activity.