PER CURIAM.
In this appeal, the appellant challenges the forfeiture of a Rolls Royce titled to Pubsco, Inc. and operated by James A. Pell, the principal officer of the company. Pell struck and injured a pedestrian. Without rendering aid or assistance, Pell left the scene of the accident. The state petitioned for forfeiture of the vehicle arguing that it was used as an instrumentality in the commission of, or aiding or abetting in the commission of, the felony offense of leaving the scene of an accident. The trial court entered a final judgment of forfeiture finding that the vehicle was a contraband article employed as an instrumentality.
We disagree with the trial court’s ruling. Recently, the supreme court in City of Edgewood v. Williams, 556 So.2d 1390 (Fla.1990), held that a vehicle is not subject to forfeiture where it is “only remotely incidental” to the underlying crime. The use of the Rolls Royce here was not closely related to the commission of the criminal act. How Pell left the scene had nothing to do with the offense.
Accordingly, we find that the vehicle cannot be deemed to be an instrumentality in *216 the commission of a felony. The final judgment of forfeiture is, therefore, reversed.
REVERSED.
LETTS, DELL and STONE, JJ„ concur.