COBB, Judge.
This is an appeal by the sheriff of Orange County regarding the dismissal of a forfeiture action involving a motor vehicle. On June 5, 1989, the appellee, John Mans-bridge, went to Ace’s Juke on Willow *633 Street in Zellwood, Orange County, Florida. Deputy Julia Chapman was posing as a crack cocaine dealer at that location and when Mr. Mansbridge approached this establishment, he parked his 1973 Datsun pickup truck just west of the building in the parking area and remained in his car. Deputy Chapman went to the driver’s window of Mansbridge’s pickup and asked Mansbridge what he wanted. Mansbridge then replied “a dime rock.” Deputy Chapman handed Mansbridge one-tenth of one gram of pre-certified crack cocaine. Mans-bridge then handed Deputy Chapman $10.00 and when the transaction was complete, Mansbridge was arrested and his vehicle seized for forfeiture pursuant to sections 932.701-932.704, Florida Statutes (1989).
The trial court, in its dismissal of the complaint for forfeiture, gave no reasons. In reviewing the record on appeal, given the affidavit of Deputy Chapman which sets out the salient facts above, this case should have resulted in forfeiture of the motor vehicle involved.
The case law in this area is clear. If a vehicle is used to facilitate a crime, it is subject to seizure. Edgewood v. Williams, 556 So.2d 1390 (Fla.1990); State v. Crenshaw, 548 So.2d 223 (Fla.1989); Duckham v. State, 478 So.2d 347 (Fla.1985). Mansbridge drove into the parking lot of Ace’s Juke in Zellwood and remained in his car until Deputy Chapman approached him regarding the drug transaction. As is evidenced by the facts in this case, defendant Mansbridge had, in his possession as he sat in the car, a dime rock of cocaine. The illegal activity involved in this proceeding took place in conjunction with the use of the vehicle, as is evidenced by the fact that this area was renowned for its curb-side narcotics transactions. The underlying crime that entitles the sheriff’s office to seek forfeiture is therefore established regarding the motor vehicle involved in these forfeiture proceedings.
Therefore, under the authority of Duck-ham, and the more recent case of Edge-wood, we reverse the order dismissing the sheriff’s forfeiture complaint and remand to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
DAUKSCH and COWART, JJ., concur.