PER CURIAM.
The City of Fort Lauderdale (the city) filed a petition for rule to show cause and for a final order of forfeiture of a 1983 Nissan automobile based on appellee’s use of the Nissan as transportation from the scene of a felony and as the means of concealing, transporting or possessing fraudulently obtained or stolen property. On December 24,1990, appellee made three purchases totaling $416.05 at Neiman Marcus at the Galleria Mall on a credit card issued to one William Clinton. A security employee advised an off duty police officer working at the Galleria of the fraud. The officer issued a BOLO for appellee and his Nissan.
A patrol officer stopped appellee’s Nissan and observed in plain view shopping bags from Neiman Marcus. In addition to the Neiman Marcus card, appellee possessed a Jordan Marsh credit card and merchandise purchased with the card, also in the name of William Clinton. Clinton stated that he had never applied for these credit cards. Appellee was arrested for credit card fraud.
After a hearing on the petition for rule to show cause, the trial court entered an order denying the petition. The trial court then entered a final order dismissing the forfeiture action. The city appeals this final order and denial of its petition. We reverse both orders and remand with direction to issue a rule to show cause.
The city argues essentially that the trial court erred in denying its petition because the Nissan transported, concealed or possessed the property appellee obtained by credit card fraud. The city distinguishes City of Edgewood v. Williams, 556 So.2d 1390 (Fla.1990), and In re Forfeiture of 1986 Rolls Royce, 564 So.2d 215 (Fla. 4th DCA), rev. denied, 576 So.2d 287 (Fla.1990), on this basis. The city reasons that the trial court drew an erroneous conclusion that because appellee could have walked, ridden a bicycle, or taken a city bus to and from the Galleria, the Nissan was only remotely incidental to the crime and not subject to forfeiture. Instead the city asserts that the Nissan clearly aided appellee in committing the crime. We agree.
Unfortunately, City of Edgewood and the cases cited therein have not provided any clear direction for determining how strong the nexus between the vehicle sought to be forfeited and the criminal activity must be for the vehicle to be subject to forfeiture. Driving a car to the airport and leaving it parked there while flying to the scene of criminal activity furnishes the “only remotely incidental” end of the continuum. While at first blush, the issue in the instant case seems to be how close to this end driving a car from the shopping mall where appellee committed credit card fraud is, a closer examination shows otherwise.
The city correctly asserts that a determination of nexus is not necessary in the instant case because it is undisputed that the Nissan was used to transport articles obtained through criminal activity, credit card fraud. It relies on One 1976 American Jeep v. State, 427 So.2d 364 (Fla. 2d DCA 1983), in which the second district held that a vehicle used in “aiding or abetting in the commission of any felony” is a “contraband article” which is properly subject to forfeiture. The defendant drove his *259 jeep to a business his employer owned and used it to transport property taken in a burglary. If using the vehicle to transport constituted aiding and abetting in this incident, it seems to follow that it should likewise constitute such in the instant case. The only distinction is the nature of the criminal act by which the items were obtained, burglary or credit card fraud.
Hence, we conclude the trial court erred in denying the petition for rule to show cause on the basis that the offense could have occurred as easily without the vehicle. This basis would apply only if appellee had been apprehended before getting into his Nissan. Under that circumstance, reliance on City ofEdgewood would be appropriate and a nexus to the criminal activity necessary. However, in the instant case, the Nissan did not merely transport appellee to and from the scene of his offense. The Nissan is subject to forfeiture, as the city claims, on the basis of its use to transport the items obtained through credit card fraud, an act of aiding and abetting.
Furthermore, the trial court’s reliance in its order on this court’s holding in Rolls Royce is misplaced. In that ease this court reversed the trial court’s final judgment of forfeiture finding that the vehicle was a contraband article employed as an instrumentality. 564 So.2d at 215. This court held that the use of the Rolls Royce was not closely related to the commission of the criminal act, the felony offense of leaving the scene of an accident, stating that how the driver left the scene had nothing to do with the offense. Id. at 215-16. Similarly, how appellee left the shopping mall has nothing to do with the offense of credit card fraud. It is the act of having the items obtained through credit card fraud in the Nissan, making the Nissan the means of transporting the items, that makes it subject to forfeiture.
GLICKSTEIN, C.J., and GUNTHER and POLEN, JJ., concur.