ZEHMER, Judge
dissenting.
While I agree that the case must be reversed because the trial court applied an incorrect burden of proof in reaching its decision, I would remand with directions to dismiss the petition for forfeiture. I conclude, irrespective of the applicáble burden of proof, that the evidence is legally insufficient to prove that the vehicle was used in committing a felony under the rationale of the supreme court’s opinion in City of Edgewood v. Williams, 556 So.2d 1390 (Fla.1990), because “the use of the vehicle was not closely related to the commission of a criminal act” but “was only remotely incidental to the act.” It is reasonable to infer that the wallet was placed in the vehicle only because the appellant went to it when he learned it was about to be towed.